IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02564-BNB

VLADIMIR BERNARD,

    Plaintiff,

v.

THE LINCOLN COUNTY JAIL, and
COLE BRITTON, Corporal,

    Defendants.

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

    Plaintiff currently is detained at the Adams County Detention Facility in Brighton, Colorado. On September 16, 2014, Plaintiff filed (1) a Prisoner Complaint that challenges the conditions of his confinement while he was detained at the Lincoln County Jail and (2) a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed pursuant to § 1915 on September 18, 2014.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable

claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970). The Court will dismiss this action in part as legally frivolous, for the reasons stated below.

Plaintiff asserts three claims: (1) violation of his Eighth Amendment rights when Defendant Cole Britton intentionally denied him adequate dental care for an abscessed tooth for two months causing Plaintiff to incur severe pain during this time; (2) violation of his First Amendment and equal protection rights when Defendant Cole Britton opened and read his outgoing mail; and (3) violation of his First Amendment rights because the jail library a the Lincoln County Jail was inadequate for Plaintiff to prepare a "great defense" in his state criminal proceedings. Compl., ECF No. 1, at 7. Plaintiff seeks money damages.

The Court will order Claims One and Two drawn to a presiding judge and, if appropriate, to a magistrate judge. Claim Three and Defendant Lincoln County Jail will be dismissed for the following reasons.

Plaintiff's access claim is legally frivolous. The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Plaintiff is not challenging his inability to file a civil rights action or a writ of habeas corpus; he is challenging his inability to present a defense in his state criminal case. Claim Three, therefore, will be dismissed as legally frivolous.

Plaintiff's inability to present a defense in his state criminal proceeding more properly is addressed in a direct appeal or collateral proceeding filed in his state criminal case. Once Plaintiff exhausts his state court remedies and finds it necessary to pursue his claims in this Court he may do so by filing a timely habeas corpus action.

Defendant Lincoln County is an improperly named defendant in this case. First, Plaintiff fails to assert any claims against Defendant Lincoln County Jail. Even if Plaintiff had stated claims against the Jail, he may not sue the Jail because it is not a separate entity from Lincoln County, and, therefore, is not a person under 42 U.S.C. § 1983. See Stump v. Gates, 777 F. Supp. 808, 814-16 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Jail must be considered as asserted against Lincoln County.

Lincoln County, however, is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Lincoln County under § 1983 merely by pointing to isolated incidents. See Monell , 436 U.S. at 694.

Nothing in Claims One and Two indicates that the injury Plaintiff alleges he incurred was based on policy and custom. Therefore, Defendant Lincoln County Jail (Lincoln County) will be dismissed as an improper party to this action. Accordingly, it is

ORDERED that Claim Three is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Defendant Lincoln County Jail (Lincoln County) is dismissed as an improperly named party to this action. It is

FURTHER ORDERED that Claims One and Two asserted against Defendant Cole Britton shall be drawn to a presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this  18th  day of     September    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court