IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02564-WJM-MJW

VLADIMIR BERNARD,

Plaintiff,

v.

COLE BRITTON, Corporal,

Defendant.

---

## RECOMMENDATION ON
## DEFENDANT CORPORAL COLE BRITTON'S MOTION TO DISMISS UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Docket No. 21)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case

entered by Judge William J. Martinez on December 2, 2014 (Docket No. 27).

<u>**PLAINTIFF'S ALLEGATIONS**</u>

The pro se incarcerated plaintiff raised three claims against two defendants in his

Prisoner Complaint brought pursuant to 42 U.S.C. § 1983. (Docket No. 1). However,

following an Order issued by Judge Lewis T. Babcock (Docket No. 6), only one

defendant and two claims remain, namely, plaintiff's Eighth and First Amendment claims

(Claims One and Two) against defendant Corporal Cole Britton in which plaintiff alleges

the following.

<u>**Claim One.  Eighth Amendment Claim.**</u>  While incarcerated in the Lincoln

County Jail, toward the end of April 2014, plaintiff put in a medical kite because he had

an abscess in his mouth, which was causing severe pain and swelling in his mouth. When plaintiff was called to medical, the nurse gave plaintiff a dental form to complete and told plaintiff it was up to Corporal Cole Britton to set up a dental appointment and get plaintiff to the dentist. Plaintiff filled out the form and gave it to Britton, told him how much pain he was in, and asked how long it would before he saw the dentist. Britton said he did not know. Plaintiff then told Britton how if he did not get the situation taken care of, the situation could turn very bad, possibly fatal. Britton smiled and shrugged his shoulders, showing plaintiff that he could care less.

Over the next couple of weeks, plaintiff put in kite after kite, asking about going to the dentist. Only some of the kites that were answered and merely informed plaintiff that they had not forgotten about plaintiff. On June 22, 2014, plaintiff awoke due to severe, throbbing pain in his mouth and the side of his face. When he looked in the mirror, his face was so big, it looked as though he had a golf ball in his mouth. Plaintiff's request to go to the emergency room was denied, and he was denied medical treatment the next day. Officer Heather McKay talked to the Sheriff for plaintiff and explained plaintiff's situation, at which point the Sheriff put the nurse in charge of making the medical appointments. She got plaintiff an appointment for June 26, 2014. Plaintiff had his teeth pulled.

**Claim Two. First Amendment Claim.**[1]  The Inmate Handbook states that outgoing mail is checked for contraband. On June 26, 2014, Officer Dale came into the

---

[1]Plaintiff entitled Claim Two as "Unreasonable Searches and Seizures" (Docket No. 1 at 6), but Judge Babcock construed it as a First Amendment and Equal Protection claim. (Docket No. 6 at 2).

dorm and sat down.  Plaintiff opened a letter he had written to the Denver Post and showed Officer Dale there was no contraband inside and sealed it in front of him.  The letter had the correct addresses on it, but plaintiff did not address it to the "Denver Post."  Plaintiff simply said "Urgent."  Officer Dale said he put the letter in the outgoing mail.  The next morning, Officer Heather McKay came and asked plaintiff if he had written a letter to the Denver Post.  Plaintiff asked her how she knew, and she said that someone told her and that the letter did not go out but was opened by Corporal Cole, who had possession of the letter.  On June 30, 2014, Cole called plaintiff out of the dorm and brought plaintiff to the front where the Captain was located.  The Captain had the plaintiff's letter, and it was open.  Plaintiff asked why his letter was open and not sent out, and the Captain said it was addressed incorrectly.  Plaintiff pointed out to him that it in fact was correct and told him the Corporal had opened it to see what it said. Plaintiff believed the Corporal knew plaintiff was writing about him, which was true. Plaintiff had explained to the Denver Post how the Corporal discriminated against plaintiff and was a racist.  The Captain then gave plaintiff a blank envelope and told plaintiff to address it, and the Captain would take it to the Post Office himself.  Plaintiff declined.  Plaintiff claims the letter he sealed should have been sent out.  He wants justice and claims racism should not be tolerated and his rights were violated.

Plaintiff seeks $3.5 million in damages.  (Docket No. 1 at 9).

## DEFENDANT'S MOTION TO DISMISS

Now before the court for a report and recommendation is Defendant Corporal Cole Britton's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 21).  Defendant seeks dismissal of the Prisoner Complaint on the following grounds:

(1) plaintiff failed to exhaust the Lincoln County grievance procedures for either claim and (2) Corporal Britton is entitled to qualified immunity. Plaintiff did not file a response. The court has carefully reviewed the motion and applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed, makes the following findings, conclusions of law, and recommendation.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" <u>Id.</u> The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" <u>Id.</u>

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. <u>Morse v. Regents of the Univ. of Colo.</u>, 154 F.3d 1124, 1126-27 (10th Cir. 1998); <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." <u>Khalik</u>, 671 F.3d at 1190 (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." <u>Id.</u> at 1191.

A court generally considers only the contents of the Complaint when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6). "Exceptions to this general rule include: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes their authenticity; and 'matters of which a court may take judicial notice.'" Henson v. Bank of Am., 935 F. Supp.2d 1128, 1136 (D. Colo. 2013) (quoting Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010)). "If a plaintiff does not incorporate by reference or attach a document to its complaint, a defendant may submit an undisputably authentic copy which may be considered in ruling on a motion to dismiss." Id. Here, plaintiff referred to the Inmate Handbook in his pleading, and defendant has attached portions of that Handbook to his motion to dismiss (see Docket No. 21-1).

Since the plaintiff is not an attorney, his pleading has been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

**Exhaustion.** The Prison Litigation Reform Act ("PLRA") provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires exhaustion as a "precondition" to bringing litigation and requires dismissal where a litigant has failed to complete exhaustion before initiating a suit. See Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1140-41 (10th Cir. 2005). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

The court may dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). Here, defendant asserts that despite acknowledging that the Lincoln County Jail had an Inmate Handbook, which establishes grievance procedures, plaintiff admittedly failed to exhaust the Lincoln County grievance procedures for either claim. Therefore, defendant contends that the Complaint should be dismissed.

The section in the Inmate Handbook concerning grievances provides:

**Inmate Grievances**

       If you have a grievance, you should try and resolve any problems or concerns by first speaking with a deputy.  If the situation cannot be resolved, then you may file a grievance using the Inmate Kite.  The grievance should be as detailed as possible and must be submitted within 72 hours of the incident.  Inmate grievances will not be processed if they are determined to be frivolous, excessive, repetitive, or have been previously answered.  they will be returned to the inmate with a written explanation.  Grievances containing threats or profanity will be returned unanswered.  The grievance will be forwarded to the Corporal fo review and resolution; you will receive a response in writing within five (5) working days.  A copy will be placed in the inmate file.  If you do not agree with the response and a deputy or corporal provided the answer, you may file one appeal to the Jail Captain.  The appeal must be filed with-in five (5) days of the original answer.  The Captains' decision is final.  You must file your own grievance, and group grievances are not accepted.  Grievances requiring extensive research and documentation may require a longer period of time for response.  The responsible person shall notify the inmate in writing of that fact.

       There shall be no retaliation against any inmate for filing/pursuing a grievance.

(Docket No. 21-1 at 7).  Plaintiff states in his Prisoner Complaint that he "put in kite after kite asking about me going to the dentist."  (Docket No. 1 at 4).  He further indicates that some kites were answered, saying that they had not forgotten about him, and that other kites were not answered.  He does not indicate that he ever filed an appeal of any of his kites.  Furthermore, he does not claim he filed any kites with respect to his First Amendment claim.

It does not appear that the Inmate Handbook is necessarily central to the Complaint.  Therefore, it may very well be that the court should not consider it at this juncture.  Nevertheless, the court finds that the Prisoner Complaint should be dismissed without prejudice because the plaintiff admitted on his pleading that he did not exhaust his administrative remedies.  On the  form Prisoner Complaint, in the section entitled

"Administrative Relief," plaintiff checked off "no" in response to the question of whether he exhausted available administrative remedies. (Docket No. 1 at 8).

Based upon this finding, the court will not address the defendant's other arguments for dismissal.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 21) be granted, and the Prisoner Complaint be dismissed without prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  January 20, 2015                                       s/ Michael J. Watanabe
       Denver, Colorado                               Michael J. Watanabe
                                        United States Magistrate Judge